IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| AUTOMATION MIDDLEWARE SOLUTIONS, INC., | ) ) ) |
| Plaintiff, | ) Case No. 15-cv-898 ) ) |
| v. | ) Judge Robert W. Schroder III ) |
| INVENSYS SYSTEMS, INC., and SCHNEIDER ELECTRIC USA, INC., | ) ) **JURY TRIAL DEMANDED** ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Invensys Systems, Inc. ("Invensys") and Schneider Electric USA, Inc., ("Schneider Electric USA") (collectively "Defendants"), by and through their attorneys, respond to the Complaint by Plaintiff Automation Middleware Solutions, Inc. ("AMS" or "Plaintiff") dated May 29, 2015 as follows. Unless expressly admitted, Defendants deny each allegation and characterization in the Complaint.

## THE PARTIES

1. Automation Middleware Solutions, Inc. is a Texas corporation with its principal place of business at 505 E. Travis St., Suite 203, Marshall, TX 75670.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

2. Invensys Systems, Inc. is a Massachusetts corporation with its principal place of business at 10900 Equity Drive, Houston, Texas 77041. This Defendant may be served with process through its agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701. On information and belief, Invensys was acquired by Schneider Electric in January 2014, and is now a wholly-owned subsidiary of Schneider Electric. This Defendant does business in the State of Texas and in the Eastern District of Texas.

**ANSWER:** Invensys admits that it is a Massachusetts corporation with a place of business at 10900 Equity Drive, Houston, Texas 77041 and an agent, Corporation Service

Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Invensys denies that it was acquired by Schneider Electric USA in January 2014 and denies that it is a subsidiary of Schneider Electric USA. Invensys admits that it does business in the Eastern District of Texas. Defendants deny the remaining allegations in this paragraph.

3. Schneider Electric USA, Inc. is a Delaware corporation with its principal place of business at 800 Federal Street, Andover, Massachusetts 01810. This Defendant may be served with process through its agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. This Defendant does business in the State of Texas and in the Eastern District of Texas.

**ANSWER:** Schneider Electric USA admits that it is a Delaware corporation with a place of business at 800 Federal Street, Andover, Massachusetts 01810 and an agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Schneider Electric USA admits that it does business in the Eastern District of Texas. Defendants deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

**ANSWER:** Defendants admit that the Complaint purports to state causes of action under the patent laws of the United States. Defendants deny the remaining allegations in this paragraph and specifically deny that they infringe any patents owned by Plaintiff.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

**ANSWER:** Defendants admit that this Court has subject matter jurisdiction in this case. Defendants deny the remaining allegations in this paragraph.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial district. Each Defendant has committed acts of infringement in this judicial district, has regular and established places of business in this judicial district, and/or has purposely transacted business in this judicial district, including but not limited to making sales in this district,

providing service and support to their respective customers in this district, and/or operating an interactive website, available to persons in this district that advertises, markets, and/or offers for sale infringing products.

**ANSWER:** Defendants admit that venue over them exists in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). However, Defendants deny that this is the most appropriate or convenient forum to exercise jurisdiction over them in this case. Defendants deny the remaining allegations in this paragraph.

7. Defendants have significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action. Invensys has corporate headquarters in Houston, Texas and maintains an office within the Eastern District of Texas at 5601 Granite Pkwy #1000, Plano, TX 75024.

**ANSWER:** Defendants admit that venue over them exists in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(b). However, Defendants deny that this is the most appropriate or convenient forum to exercise jurisdiction over them in this case. Defendants deny the remaining allegations in this paragraph.

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. Each Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Texas and this District. Invensys and Schneider Electric have sought protection and benefit from the laws of the State of Texas by maintaining corporate headquarters in Texas and an office in this District and by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

**ANSWER:** For the purposes of this litigation only, Defendants admit that they are subject to personal jurisdiction in this judicial district. Defendants deny the remaining allegations in this paragraph.

## BACKGROUND

9. In the early 1990s, inventors Dave Brown and Jay Clark conceived of a system for motion control utilized in the products and services offered by the company they founded, ROY-G-BIV Corp. The '058 patent, the '236 patent, and the '557 patent ("the patents-in-suit") asserted in this Complaint are the subject of Dave Brown and Jay Clark's invention. The inventors' patented approach to universal connectivity has since become the industry standard.

**ANSWER:** Defendants admit that Dave Brown and Jay Clark are named as inventors on the face of the patents-in-suit. Defendants deny the remaining allegations in this paragraph.

10. The patentability of the patents-in-suit has been confirmed through both reexamination and *inter partes* review before the United States Patent and Trademark Office. Specifically, on June 28, 2011, the USPTO issued reexamination certificates confirming the patentability of all 10 claims of the '236 patent and all 5 claims of the '058 patent, without amendment. Additionally, the claims of the '058 patent, '236 patent, and '557 patent were challenged in <u>five</u> *inter partes* review proceedings. In each case, the Patent Trial and Appeal Board confirmed the patentability of all claims without amendment.

**ANSWER:** Defendants admit that patents-in-suit have been the subject of reexamination and *inter partes* review before the United States Patent and Trademark Office. Defendants deny the remaining allegations in this paragraph.

11. The '058 and '236 patents have been previously asserted in this District in *ROY-G-BIV Corp. v. Fanuc Ltd. et al.*, Case No. 2:07-cv-00418-DF (E.D. Texas) and the '058, '236, and '557 patents were previously asserted in this District in the matters of *ROY-G-BIV Corp. v. ABB, Ltd., et al.*, Case No. 6:11-cv-00622-LED-ZJH (E.D. Texas), *ROY-G-BIV Corp. v. Honeywell Int'l., Inc., et al.*, Case No. 6:11-cv-00623-LED-ZJH (E.D. Texas), and *ROY-G-BIV Corp. v. Siemens Corp., et al.*, Case No. 6:11-cv-00624-LED-ZJH (E.D. Texas). In those proceedings, over fifty claim terms from the patents-in-suit were construed by the Court in this District.

**ANSWER:** Defendants admit that the '058 and '236 patent were previously asserted in this District in *ROY-G-BIV Corp. v. Fanuc Ltd. et al.*, Case No. 2:07-cv-00418-DF (E.D. Texas) and the '058, '236, and '557 patents were previously asserted in this District in *ROY-G-BIV Corp. v. ABB, Ltd., et al.*, Case No. 6:11-cv-00622-LED-ZJH (E.D. Texas), *ROY-G-BIV Corp. v. Honeywell Int'l., Inc., et al.*, Case No. 6:11-cv-00623-LED-ZJH (E.D. Texas), and *ROY-G-BIV Corp. v. Siemens Corp., et al.*, Case No. 6:11-cv-00624-LED-ZJH (E.D. Texas).

Defendants also admit that claim terms from the patents-in-suit were the subject of claim construction orders in previous matters. Defendants deny the remaining allegations in this paragraph.

12. Upon information and belief, Defendants Invensys and Schneider Electric make, use, offer to sell, and/or sell within, and/or import into the United States motion control systems that incorporate the fundamental technologies covered by the patents-in-suit.

**ANSWER:** Denied.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,513,058)

13. AMS incorporates paragraphs 1 through 12 herein by reference.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12 herein by reference.

14. U.S. Patent No. 6,513,058, entitled "Distribution of Motion Control Commands Over a Network," was duly and legally issued by the U.S. Patent and Trademark Office on January 28, 2003 after full and fair examination. The '058 patent has been assigned to AMS, and AMS holds all rights, title, and interest in the '058 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements. A true and correct copy of the '058 patent is attached as Exhibit A.

**ANSWER:** Defendants admit that U.S. Patent No. 6,513,058 is entitled "Distribution of Motion Control Commands Over a Network," and lists on its face January 28, 2003 as the date of issuance. Defendants also admit that Exhibit A purports to be a copy of the '058 patent. Defendants deny that the '058 patent "was duly and legally issued" by the U.S. Patent and Trademark Office. Defendants deny the remaining allegations in this paragraph.

15. The '058 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

16. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and all predecessors-in-interest to the '058 patent have complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.

**ANSWER:**   Denied.

17. Defendants have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '058 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of AMS, by or through their making, having made, offering for sale, selling, importing, and/or using motion control systems including, for example, the Invensys Wonderware suite of products which includes but is not limited to the Wonderware System Platform, ArchestrA System Platform, Wonderware Device Integration Servers, WonderWare InTouch, WonderWare InTouch Access Anywhere, Wonderware InTouch Machine Edition, Wonderware Toolkits, Wonderware Industrial Computers, and related devices, applications, and software (the "Invensys Motion Control Systems").

**ANSWER:**   Denied.

18. Defendants directly infringe the apparatus claims of the '058 patent by making, using, offering to sell, selling, and/or importing the Invensys Motion Control Systems. Defendants also directly infringe the '058 patent by making, using, selling, offering for sale, and/or importing the Invensys Motion Control Systems to practice the claimed methods. Defendants are thereby liable for direct infringement.

**ANSWER:**   Denied.

19. Additionally, Defendants are liable for indirect infringement of the '058 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the Invensys Motion Control Systems to practice the claimed methods. Since obtaining knowledge of the '058 patent, Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Invensys Motion Control Systems, including Defendants' customers to use such systems in a manner that infringes the '058 patent.

**ANSWER:**   Denied.

20. Defendants have had knowledge of the '058 patent, at least as early as service of this Complaint. *See*, *e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

**ANSWER:**   Defendants admit that they had knowledge of the '058 patent as of service

of this Complaint.  Defendants deny the remaining allegations in this paragraph.

21. Despite having knowledge of the '058 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Invensys Motion Control Systems, including Defendants' customers, to use such systems in a manner that infringes one or more claims of the '058 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Invensys

Motion Control Systems via advertisement and instructional materials, in addition to providing consulting services on the use and operation of the Invensys Motion Control Systems.

**ANSWER:** Denied.

22. In particular, despite having knowledge of the '058 patent, Defendants have provided, and continue to provide, product descriptions and instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://software.schneider-electric.com/products/wonderware/, http://software.invensys.com/products/wonderware/, http://iom.invensys.com/ap/Pages/ArchestrA.aspx, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Invensys Motion Control Systems in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

**ANSWER:** Invensys admits that it provides product materials on its website. Defendants deny the remaining allegations in this paragraph.

23. Additionally, Defendants named in this Count know, and have known, that the Invensys Motion Control Systems include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '058 patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

24. On information and belief, Defendants Invensys and Schneider Electric test, make, use, offer for sale, sell, and/or import the Invensys Motion Control Systems described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such systems. Accordingly, Invensys and Schneider Electric are jointly, severally, or alternatively liable for infringements described in this Count.

**ANSWER:** Denied.

25. AMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to AMS in an amount that adequately compensates AMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 6,516,236)

26. AMS incorporates paragraphs 1 through 12 herein by reference.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12 herein by reference.

27. U.S. Patent No. 6,516,236, entitled "Motion Control Systems," was duly and legally issued by the U.S. Patent and Trademark Office on February 4, 2003 after full and fair examination. The '236 patent has been assigned to AMS, and AMS holds all rights, title, and interest in the '236 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements. A true and correct copy of the '236 patent is attached as Exhibit B.

**ANSWER:** Defendants admit that U.S. Patent No. 6,516,236 is entitled "Motion Control Systems," and lists on its face February 4, 2003 as the date of issuance. Defendants also admit that Exhibit B purports to be a copy of the '236 patent. Defendants deny that the '236 patent "was duly and legally issued" by the U.S. Patent and Trademark Office. Defendants deny the remaining allegations in this paragraph.

28. The '236 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

29. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and all predecessors-in-interest to the '236 patent have complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.

**ANSWER:** Denied.

30. Defendants have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '236 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of AMS, by or through their making, having made, offering for sale, selling, importing, and/or using motion control systems including, for example, the Invensys Wonderware suite of products which includes but is not limited to the Wonderware System Platform, ArchestrA System Platform, Wonderware Device Integration Servers, WonderWare InTouch, WonderWare InTouch Access Anywhere, Wonderware InTouch Machine Edition,

Wonderware Toolkits, Wonderware Industrial Computers, and related devices, applications, and software (the "Invensys Motion Control Systems").

**ANSWER:** Denied.

32. Defendants directly infringe the apparatus claims of the '236 patent by making, using, offering to sell, selling, and/or importing the Invensys Motion Control Systems. Defendants also directly infringe the '236 patent by making, using, selling, offering for sale, and/or importing the Invensys Motion Control Systems to practice the claimed methods. Defendants are thereby liable for direct infringement.

**ANSWER:** Denied.

32. Additionally, Defendants are liable for indirect infringement of the '236 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the Invensys Motion Control Systems to practice the claimed methods. Since obtaining knowledge of the '236 patent, Defendants have specifically intended and continue to specifically intend for persons who acquire and use the Invensys Motion Control Systems, including Defendants' customers to use such systems in a manner that infringes the '236 patent.

**ANSWER:** Denied

33. Defendants have had knowledge of the '236 patent, at least as early as service of this Complaint. *See*, *e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

**ANSWER:** Defendants admit that they had knowledge of the '236 patent as of the service of this Complaint. Defendants deny the remaining allegations in this paragraph.

34. Despite having knowledge of the '236 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Invensys Motion Control Systems, including Defendants' customers, to use such systems in a manner that infringes one or more claims of the '236 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Invensys Motion Control Systems via advertisement and instructional materials, in addition to providing consulting services on the use and operation of the Invensys Motion Control Systems.

**ANSWER:** Denied.

35. In particular, despite having knowledge of the '236 patent, Defendants have provided, and continue to provide, product descriptions and instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://software.schneider-electric.com/products/wonderware/, http://software.invensys.com/products/wonderware/, http://iom.invensys.com/ap/Pages/ArchestrA.aspx, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the

9

customers and other end users to use the Invensys Motion Control Systems in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

**ANSWER:** Invensys admits that it provides product materials on its website. Defendants deny the remaining allegations in this paragraph.

36. Additionally, Defendants named in this Count know, and have known, that the Invensys Motion Control Systems include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '236 patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

37. On information and belief, Defendants Invensys and Schneider Electric test, make, use, offer for sale, sell, and/or import the Invensys Motion Control Systems described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such systems. Accordingly, Invensys and Schneider Electric are jointly, severally, or alternatively liable for infringements described in this Count.

**ANSWER:** Denied.

38. AMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to AMS in an amount that adequately compensates AMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,073,557)

39. AMS incorporates paragraphs 1 through 12 herein by reference.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 12 herein by reference.

40. U.S. Patent No. 8,073,557, entitled "Motion Control Systems," was duly and legally issued by the U.S. Patent and Trademark Office on December 6, 2011 after full and fair examination. The '557 patent has been assigned to AMS, and AMS holds all rights, title, and interest in the '557 patent, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements. A true and correct copy of the '557 patent is attached as Exhibit C.

**ANSWER:** Defendants admit that U.S. Patent No. 8,073,557 is entitled "Motion Control Systems," and lists on its face December 6, 2011 as the date of issuance. Defendants also admit that Exhibit C purports to be a copy of the '557 patent. Defendants deny that the '557 patent "was duly and legally issued" by the U.S. Patent and Trademark Office. Defendants deny the remaining allegations in this paragraph.

41. The '557 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

**ANSWER:** Denied.

42. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and all predecessors-in-interest to the '557 patent have complied with the requirements of that statute by providing actual or constructive notice to Defendants of their alleged infringement.

**ANSWER:** Denied.

43. Defendants have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '557 patent in this judicial district and elsewhere in Texas and the United States without the consent or authorization of AMS, by or through their making, having made, offering for sale, selling, importing, and/or using motion control systems including, for example, , the Invensys Wonderware suite of products which includes but is not limited to the Wonderware System Platform, ArchestrA System Platform, Wonderware Device Integration Servers, WonderWare InTouch, WonderWare InTouch Access Anywhere, Wonderware InTouch Machine Edition, Wonderware Toolkits, Wonderware Industrial Computers, and related devices, applications, and software (the "Invensys Motion Control Systems").

**ANSWER:** Denied

44. Defendants directly infringe the apparatus claims of the '557 patent by making, using, offering to sell, selling, and/or importing the Invensys Motion Control Systems. Defendants also directly infringe the '557 patent by making, using, selling, offering for sale, and/or importing the Invensys Motion Control Systems to practice the claimed methods. Defendants are thereby liable for direct infringement.

**ANSWER:** Denied.

45. Additionally, Defendants are liable for indirect infringement of the '557 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the Invensys Motion Control Systems to practice the claimed methods. Since obtaining knowledge of the '557 patent, Defendants have specifically intended

and continue to specifically intend for persons who acquire and use the Invensys Motion Control Systems, including Defendants' customers to use such systems in a manner that infringes the '557 patent.

**ANSWER:** Denied.

46. Defendants have had knowledge of the '557 patent, at least as early as service of this Complaint. *See*, *e.g.*, *Patent Harbor, LLC v. Dreamworks Animation SKG, Inc.*, No. 6:11-cv-229, 2012 U.S. Dist. LEXIS 114199, at *17 (E.D. Tex. Jul. 27, 2012).

**ANSWER:** Defendants admit that they had knowledge of the '557 patent as of the service of this Complaint. Defendants deny the remaining allegations in this paragraph.

47. Despite having knowledge of the '557 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the Invensys Motion Control Systems, including Defendants' customers, to use such systems in a manner that infringes one or more claims of the '557 patent. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the Invensys Motion Control Systems via advertisement and instructional materials, in addition to providing consulting services on the use and operation of the Invensys Motion Control Systems.

**ANSWER:** Denied.

48. In particular, despite having knowledge of the '557 patent, Defendants have provided, and continue to provide, product descriptions and instructional materials, such as user guides, owner manuals, and similar online resources (available for example, via http://software.schneider-electric.com/products/wonderware/, http://software.invensys.com/products/wonderware/, http://iom.invensys.com/ap/Pages/ArchestrA.aspx, and other instructional materials and documentation provided or made available by Defendants to customers after purchase) that specifically teach the customers and other end users to use the Invensys Motion Control Systems in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

**ANSWER:** Invensys admits that it provides product materials on its website. Defendants deny the remaining allegations in this paragraph.

49. Additionally, Defendants named in this Count know, and have known, that the Invensys Motion Control Systems include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '557 patent and are not staple articles of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

50. On information and belief, Defendants Invensys and Schneider Electric test, make, use, offer for sale, sell, and/or import the Invensys Motion Control Systems described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution, sale, and operation of such systems. Accordingly, Invensys and Schneider Electric are jointly, severally, or alternatively liable for infringements described in this Count.

**ANSWER:** Denied.

51. AMS has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to AMS in an amount that adequately compensates AMS for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**ANSWER:** Denied.

## JOINDER OF PARTIES

52. AMS incorporates paragraphs 1 through 51 herein by reference.

**ANSWER:** Defendants incorporate their answers to paragraphs 1 through 51 herein by reference.

53. On information and belief, Schneider Electric acquired Invensys in January 2014, and since that time, Schneider Electric has been participating in or responsible for the making, having made, offering for sale, selling, importing, and/or using the Invensys systems that are the subject of Counts I through III (or some subset thereof). Thus, for these Counts, the right to relief against Invensys is asserted jointly and severally with Schneider Electric.

**ANSWER:** Denied.

54. The alleged infringements set forth in Counts I through III arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making, using, offering for sale, selling, and/or importing of the Invensys systems made the subject of Counts I through III.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

55. Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, Invensys systems.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore deny the same.

56. Thus, joinder of Invensys and Schneider Electric is proper in this litigation pursuant to 35 U.S.C. § 299(a).

**ANSWER:** No answer from Defendants is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Non-Infringement)

Defendants do not make, use, sell, offer for sale, or import into the United States, and have not made, used, sold, offered for sale or imported into the United States, any products or methods that infringe any valid claim of the '058, '236, and/or '557 patents, either willfully, directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and have not induced others to infringe any valid claim of the '058, '236, and/or '557 patents.

### Second Affirmative Defense
### (Invalidity)

At least one claim of the '058, '236, and/or '557 patents are invalid for failing to satisfy one or more of the conditions for patentability of Title 35 of the United States Code, including, but not limited to, sections 101, 102, 103, and/or 112, *et seq*.

### Third Affirmative Defense
### (Equity)

On information and belief, Plaintiff's claims are barred, in whole or in part, based on principles of equity, including but not limited to the doctrine of unclean hands, implied waiver, patent misuse, and/or implied license.

### Fourth Affirmative Defense
### (Estoppel)

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents-in-suit, from asserting that the claims of the patents-in-suit are infringed by Defendants or Defendants' products.

**Fifth Affirmative Defense**
**(Laches)**

On information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Sixth Affirmative Defense**
**(No Equitable Relief)**

On information and belief, Plaintiff is not entitled to equitable relief with respect to the '058, '236, and/or '557 patents, at least because Plaintiff has not and will not suffer irreparable harm, Plaintiff does not practice the patent, and/or Plaintiff is not without an adequate remedy at law.

**Seventh Affirmative Defense**
**(Patent Marking)**

On information and belief, to the extent Plaintiff, its predecessor(s), or licensees of the patents-in-suit have failed to comply with the marking requirement set forth in 35 U.S.C. § 287, Plaintiff's damages are barred, in whole or in part.

**Eighth Affirmative Defense**
**(No Time Limitation)**

On information and belief, Plaintiff's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286.

**Ninth Affirmative Defense**
**(No Costs)**

Plaintiff is barred from recovering costs associated with this action with respect to the '058, '236, and/or '557 patents under 35 U.S.C. § 288.

## **Tenth Affirmative Defense**
### (Other Defenses)

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, the laws and rules of this Court, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court dismiss each of the counts, enter judgment in Defendants' favor and against Plaintiff, award Defendants their costs and attorneys' fees and award Defendants any further relief that the Court deems just and proper. Defendants also deny that Plaintiff is entitled to any relief requested in the Prayer for Relief found in the Complaint.

Dated: November 30, 2015                                Respectfully submitted,

*/s/ Thad Heartfield*

J. Thad Heartfield, Attorney In Charge
Texas Bar No. 09346800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Phone: (409) 866.3318
Fax: (409) 866.5789
thad@jth-law.com

Terrence J. Truax
Peter H. Hanna
Michael G. Babbitt
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Fax: (312) 527-0484
ttruax@jenner.com
phanna@jenner.com
mbabbitt@jenner.com

Nick G. Saros
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, California 90071-2054
Telephone: (213) 239-5100
Fax: (213) 239-5199
nsaros@jenner.com

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 30, 2015.  Any other counsel of record will be served by First Class U.S. mail on this same date.

                                              */s/ Thad Heartfield*