IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **AUTOMATION MIDDLEWARE** | § | |
| **SOLUTIONS, INC.,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CAUSE NO.  2:15-CV-00898** |
| **vs.** | § | **LEAD CASE** |
| | § | |
| **INVENSYS, INC., ET AL,** | § | |
| | § | |
| **Defendants.** | | |

## JOINT SUBMISSION OF PROPOSED DOCKET CONTROL ORDER

Pursuant to the Court's April 20, 2016 Order, the parties submit their Joint Proposed Docket Control Order, attached as Exhibit A. Where the parties have differing proposals, the positions are set forth below. Only two disputed issues remain, including: (1) Whether the Docket Control Order should permit the inclusion of a provision for a deadline to submit letter briefs requesting permission to file dispositive motions and (2) Whether Kollmorgen should be permitted to utilize a Track B schedule in this case.

**Plaintiff's Positions on the Disputed Proposals:**

Plaintiff proposes the addition of a deadline into the Docket Control Order (as detailed in the below schedule) for submitting letter briefs that seek permission from the Court to file dispositive motions. While this Court has used this practice in the past, which has led to greater efficiency, the narrowing of issues that merit substantial dispositive briefing, and the preservation of resources for the parties and the Court, this particular case is uniquely situated to benefit from such an addition. The patents-in-suit have been the subject of four different cases in

this judicial district, including two claim constructions, and a multitude of motion practice covering a myriad of issues.[1] Given the substantial prior history, the Plaintiff respectfully submits that the requested deadline would help streamline the case, preserve resources for the parties and the Court, and serve the interests of justice.

Plaintiff objects to Kollmorgen's request for Track B for several reasons. First, the parties have briefed the issue to the Court; Plaintiff incorporates herein Dkt. Nos. 20, 28 of Case No. 2:15-cv-01539. Second, Kollmorgen's request does not include all of the relevant deadlines in Track B; instead, Kollmorgen's request cherry picks only a few of the deadlines, allowing Kollmorgen to have its cake and eat it too. To the extent that the Court permits Kollmorgen to follow Track B, Kollmorgen should have to include all of the Track B deadlines in the Court's Track B Initial Patent Case Management Order, dated September 29, 2014, other than those that have lapsed (*e.g.*, Kollmorgen should have to comply with Paragraph 4 of the Court's Track B Order and provide invalidity contentions earlier than the deadline set forth for the non-Track B parties). Third, Kollmorgen's proposed language for the damages estimate is divorced from the language of the Court's Track B Initial Patent Case Management Order, dated September 29, 2014. To the extent that the Court allows Kollmorgen to follow Track B, Plaintiff respectfully requests that the language used by the Court in the Track B Initial Patent Case Management Order, dated September 29, 2014, govern for each of the relevant deadlines.

Finally, Plaintiff believes that a five (5) day trial is more than sufficient, and consistent with this Court's practice.

---

[1] *See e.g.*, *ROY-G-BIV Corp. v. Fanuc Ltd. et al.*, Case No. 2:07-cv-00418-DF (E.D. Texas); *ROY-G-BIV Corp. v. ABB, Ltd.*, et al., Case No. 6:11-cv-00622-LED-ZJH (E.D. Texas), *ROY-G-BIV Corp. v. Honeywell Int'l., Inc., et al.*, Case No. 6:11-cv-00623-LED-ZJH (E.D. Texas), and *ROY-G-BIV Corp. v. Siemens Corp., et al.*, Case No. 6:11-cv-00624-LED-ZJH (E.D. Texas).

**Defendants' Position on the Disputed Proposals**:

Plaintiff accuses Kollmorgen of "cherry-picking" and wanting to "have its cake and eat it too" with respect to Kollmorgen's Track B requests, yet that is exactly what Plaintiff does with its selective deviation from this Court's current standard practice of NOT requiring letter briefs as a prior restraint on filing dispositive motions. Defendants respectfully submit that justice requires that they be permitted to exercise their right under the Federal Rules of Civil Procedure to present this Court with full and fair argument on any dispositive motions. Plaintiff is correct that the prior owner of these patents brought several lawsuits asserting some of the patents against other parties, but not against these parties. Even though the asserted patents have received some prior, limited judicial scrutiny, Defendants were not participants and this Court is not bound by prior rulings in any event. Many dispositive motions will turn on the unique facts of each Defendant's products; some dispositive arguments may be available in this case that were not in prior cases based on the *present* state of the law (*e.g., Nautilus, Williamson and Alice*). It is not up to Plaintiff to decide how best to spend Defendants' resources. What Plaintiff characterizes as "streamlining" is tantamount to depriving Defendants of a full and fair opportunity to either determine the course and scope of the trial or to prevent a trial altogether. Such determinations are far more effective to preserve both the Court's and the public's limited resources. Therefore, full rather than preliminary letter briefing is preferred – a fact seemingly recognized by this Court's now-standard practice.

Regarding Track B, prior to this Court's consolidation of these actions, Kollmorgen filed its Motion for Track B Case Assignment, in which Kollmorgen requested that the Court's model Track B order be instituted in Kollmorgen's case.  (C.A. No. 2:15-cv-01539, D.I. 13 at 4, Ex. B (noting "In every respect except for the caption, Exhibit B is identical to the Track B order

attached to General Order 14-3.)".)  AMS opposed the motion.  (-1539, D.I. 20, 28.)  Following the Court's consolidation order, Kollmorgen attempted to compromise in preparing the proposed docket control order by keeping all of the dates the same as the Track A dates except for the damages-related disclosures mandated by Track B.  In objecting to those two Track B dates, the Plaintiff states that if the Court orders Track B, "the Court's Default Track B Order, in all respects, should govern."  See *infra* n. 3.  But that is the same model Track B order Kollmorgen requested in its motion and that AMS rejected.  Kollmorgen persists in its belief that the frontloading of damage disclosures and early assessment of the magnitude of damages, a hallmark of Track B, would be helpful in ferreting out the possibility of settlement (*see* -1539, D.I. 13), and respectfully requests that its Track B proposal be adopted.

DATED: May 13, 2016

Respectfully submitted,

By: */s/ Clyde M. Siebman*
Clyde M. Siebman
clydesiebman@siebman.com
Texas Bar No. 18341600
SIEBMAN, BURG, PHILLIPS & SMITH,
LLP
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Telephone: (903) 870-0070
Facsimile: (903) 870-0066

Gregg F. LoCascio, P.C.*
Sean M. McEldowney*
gregg.locascio@kirkland.com
sean.mceldowney@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Jeanne M. Heffernan*
jheffernan@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Ave
New York, NY 11109
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
*Pro Hac Vice
*Attorneys For Defendants*
*Kollmorgen Corporation*
*and Danaher Corporation*

By: */s/ Thad Heartfield*
J. Thad Heartfield, Attorney In Charge
Texas Bar No. 09346800
The Heartfield Law Firm
2195 Dowlen Road
Beaumont, Texas 77706
Phone: (409) 866.3318
Fax: (409) 866.5789

thad@jth-law.com

Terrence J. Truax*
Peter H. Hanna*
Michael G. Babbitt*
Jenner & Block LLP
353 N. Clark Street
Chicago, Illinois  60654-3456
Telephone: (312) 222-9350
Fax:  (312) 527-0484
ttruax@jenner.com
phanna@jenner.com
mbabbitt@jenner.com

Nick G. Saros*
Jenner & Block LLP
633 West 5th Street
Suite 3600
Los Angeles, California 90071-2054
Telephone: (213) 239-5100
Fax: (213) 239-5199
nsaros@jenner.com
*Pro Hac Vice

***Attorneys For Defendants Invensys Systems,
Inc. and Schneider Electric USA, Inc.***

By: */s/ Joseph A. Saltiel*
Joseph A. Saltiel
Steven L. Katz
MASUDA, FUNAI, EIFERT &
MITCHELL, LTD.
203 N. LaSalle Street, Suite 2500
Chicago, Illinois 60601-1262
Telephone: (312) 245-7500
E-mail:  jsaltiel@masudafunai.com
E-mail:  skatz@masudafunai.com

Allen F. Gardner
GILLAM & SMITH LLP
102 N College, Suite 800
Tyler, TX 75702
Tel: 903.934.8450
Fax: 903.934.9257
allen@gillamsmithlaw.com

*Attorneys for Defendant Yaskawa America,*
*Inc.*

By:  /s/ Rudolph A. Telscher, Jr.
Rudolph A. Telscher, Jr., 41072MO*
Email: rtelscher@hdp.com
Steven E. Holtshouser, 33531MO*
Email: sholtshouser@hdp.com
Kara R. Fussner, 54656MO*
Email: rfussner@hdp.com
Greg W. Meyer, 59287MO*
Email: gmeyer@hdp.com
Harness, Dickey & Pierce
7700 Bonhomme, Suite 400
St. Louis, MO 63105
314.726.7500 Telephone
314.726.7501 Facsimile
*Pro Hac Vice
      and
Michael C. Smith
Siebman, Burg, Phillips & Smith LLP
113 East Austin Street
Marshall, TX 75670
903.938.8900
Email:  michaelsmith@sibman.com

*Attorneys for Defendants Emerson Industrial*
*Automation USA Inc., Emerson Industrial*
*Automation USA LLC, Emerson Process*
*Management LLLP, Emerson Process*
*Management Power & Water Solutions, Inc.,*
*Fisher-Rosemount Systems, Inc., and*
*Rosemount Inc.*

/s/Cynthia J. Rigsby
Cynthia J. Rigsby (WI Bar No. 1025479)
Kevin J. Malaney (WI Bar No. 1066371)
Michelle A. Moran (WI Bar No. 1073653)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-5306
Tel: (414) 319-7067
Fax: (414) 297-4900
crigsby@foley.com
kmalaney@foley.com
mmoran@foley.com

Robert William Weber (Texas Bar No.
21044800)
SMITH WEBER LLP
5505 Plaza Drive
PO Box 6167
Texarkana, Texas 75505
Tel: (903) 223-5656
Fax: (903) 223-5652
bweber@smithweber.com

*Attorneys for Defendants Rockwell Automation*
*Technologies, Inc., Rockwell Automation*
*Technologies, Inc., Rockwell Automation, Inc.,*
*and Rockwell Automation, Inc.*

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, VA 20105
Phone: (571) 203-
2700
Fax: (202) 408-4400
lionel.lavenue@finnegan.com

*Attorney for Defendant*
*Bosch Rexroth Corporation.*

 /s/ Tonya M. Gray
TONYA M. GRAY
Texas Bar No. 24012726
tonyagray@andrewskurth.com
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas  75201
Telephone: 214-659-4400
Facsimile: 214-659-4401

STEVEN P. PETERSEN (pro hac vice)
Illinois Bar No. 6196793
spetersen@leydig.com
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900

Chicago, Illinois 60601
Telephone: 312-616-5600
Telecopier: 312-616-5700

**ATTORNEYS FOR DEFENDANTS
MITSUBISHI ELECTRIC CORP.,
MITSUBISHI ELECTRIC US HOLDINGS,
INC. AND MITSUBISHI ELECTRIC
AUTOMATION, INC.**

/s/ Keith B. Davis

Keith B. Davis
Lead Attorney
Texas State Bar No. 24037895
Email: kbdavis@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Telephone:  (214) 969-4528
Facsimile:  (214) 969-5100

*Attorneys for Defendants VIPA USA, Inc*

By:  */s/ Monte Bond*
Monte Bond (lead attorney)
Texas Bar No. 02585625
Jeffrey R. Bragalone
Texas Bar No. 02855775
Patrick J. Conroy
Texas Bar No. 24012448
Terry A. Saad
Texas Bar No. 24066015

**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
mbond@bcpc-law.com
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
tsaad@bcpc-law.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas 75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

Attorneys for Plaintiff
**AUTOMATION MIDDLEWARE
SOLUTIONS, INC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Marshall Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

By: */s/ Monte Bond*_____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AUTOMATION MIDDLEWARE SOLUTIONS, INC., | § § § | |
| Plaintiff | § § | CAUSE NO.  2:15-CV-00898 |
| vs. | § § | LEAD CASE |
| INVENSYS, INC., ET AL, | § § | |
| Defendants. | | |

**[JOINT PROPOSED] DOCKET CONTROL ORDER**

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| 3 DAYS after conclusion of Trial | Parties to file **Motion to Seal Trial Exhibits**, if they wish to seal any highly confidential exhibits.<br><br>**EXHIBITS: See Order Regarding Exhibits below.** |
|---|---|
| **Trial Date**<br><br>**October 16, 2017**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL before Judge Robert W. Schroeder III, Marshall, Texas.**<br><br><br>For planning purposes, parties shall be prepared to start the evidentiary phase of trial immediately following jury selection. |
| **October 16, 2017**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION before Judge Robert W. Schroeder III, Marshall, Texas.** |
| **October 3, 2017**<br><br>Court designated date – not flexible without good cause - Motion Required | **10:00 a.m. PRETRIAL CONFERENCE before Judge Robert W. Schroeder III, Texarkana, Texas.**<br><br>Discuss trial logistics and *voir dire* procedure.  Resolve any pending motions or objections.<br>Lead trial counsel must attend the pretrial conference. |

| September 26, 2017 | **File a Notice of Time Requested for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments.** |
|---|---|
| September 26, 2017 | **File Responses to Motions *in Limine*.** |
| September 19, 2017 | **File Motions *in Limine* and pretrial objections.**<br><br>The parties are **ORDERED** to meet and confer to resolve any disputes before filing any motion *in limine* or objection to pretrial disclosures. |
| September 19, 2017 | **File Joint Final Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials**.<br><br>Parties shall use the pretrial order form on Judge Schroeder's website.<br><br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench. |
| September 12, 2017 | Exchange Objections to Rebuttal Deposition Testimony. |
| September 5, 2017 | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due.**<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Brenda Hightower Smith, at brenda_smith@txed.uscourts.gov. |
| September 5, 2017 | Exchange Rebuttal Designations and Objections to Deposition Testimony.<br><br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| August 22, 2017 | Exchange Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof.<br><br>Video and Stenographic Deposition Designation due.  Each party who proposes to offer deposition testimony shall serve a disclosure identifying the line and page numbers to be offered. |
| **August 9, 2017**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. HEARING ON ANY REMAINING DISPOSITIVE MOTIONS (INCLUDING *DAUBERT* MOTIONS) before Judge Robert W. Schroeder III, Texarkana, Texas.** |

| **May 9, 2017**<br><br>Court designated date – not flexible without good cause – Motion Required | **Any Remaining Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions).**<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.  Exceptional circumstances require more than agreement among the parties.</u><br><br>For each motion filed, the moving party shall provide the Court with one (1) copy of the completed briefing (opening motion, response, reply, and if applicable, surreply), excluding exhibits, in a three-ring binder appropriately tabbed.  All documents SHALL be double-sided and must include the CM/ECF header.  These copies shall be delivered to Judge Schroeder's chambers in Texarkana as soon as briefing has completed.<br><br>**Respond to Amended Pleadings**. |
| May 2, 2017 | Parties to Identify Rebuttal Trial Witnesses. |
| April 25, 2017 | Parties to Identify Trial Witnesses; Amend Pleadings (after *Markman* Hearing).<br><br>It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| April 18, 2017 | Expert Discovery Deadline.<br><br>[*PLAINTIFF'S PROPOSAL:   Deadline to File Letter Briefs Regarding Dispositive Motions*<br><br>*Summary Judgment Motions: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than ten (10) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.*] |

| | |
|---|---|
| March 28, 2017 | Parties designate rebuttal expert witnesses (non-construction issues), rebuttal expert witness reports due.  Refer to Local Rules for required information. |
| | If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| March 14, 2017 | Final Election of Asserted Prior Art. |
| March 7, 2017 | Parties with burden of proof designate expert witnesses (non-construction issues).  Expert witness reports due.  Refer to Local Rules for required information. |
| March 7, 2017 | Fact discovery deadline. |
| February 14, 2017 | Final Election of Asserted Claims. |
| December 27, 2016 | Comply with P.R. 3-7. (Opinion of Counsel Defenses) |
| **December 6, 2016**<br><br>Court designated date – not flexible without good cause – Motion Required | ***Markman* Hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. before Judge Robert W. Schroeder III, Texarkana, Texas.** |
| November 22, 2016 | **P.R. 4-5(d) Chart due**.<br><br>The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite.   The parties should <u>prioritize</u> and list the terms <u>in order of most importance</u>; the Court will address the terms in the prioritized order presented in the claim construction chart. |
| November 15, 2016 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing.  The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence regarding claim construction due.  Plaintiff is to provide the Court with one (1) copy of the completed *Markman* briefing in its entirety (opening brief, response, and reply) and exhibits in a three-ring binder appropriately tabbed.  All documents SHALL be double-sided and must include the CM/ECF header.  These copies shall be delivered to Judge Schroeder's chambers in Texarkana as soon as briefing has completed.<br><br>If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound with exhibits to the advisor. |
| November 8, 2016 | **Comply with P.R. 4-5(b)** - Responsive claim construction brief and supporting evidence due. |

| October 25, 2016 | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. |
| | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e).  Motions to extend page limits will only be granted in exceptional circumstances.   Exceptional circumstances require more than joint agreement among the parties. |
| | Tutorials due.  Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s).  The parties shall submit one (1) copy of their tutorials to the Court.  If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| | Preliminary Election of Asserted Prior Art. |
| October 25, 2016 | Proposed Technical Advisors due if one has not already been appointed.  Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that an agreement could not be reached.  If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court.  If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| October 11, 2016 | Discovery Deadline - Claim Construction Issues. |
| | Preliminary Election of Asserted Claims. |
| October 4, 2016 | **Respond to Amended Pleadings.** |
| September 20, 2016 | **Amended Pleadings (pre-claim construction) due from all parties, including inequitable conduct allegations**. |
| | It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |

| September 13, 2016 | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive.  A maximum of 10 terms will be construed, unless parties have received other instruction from the Court.  If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge.  The nonmoving party shall also provide a brief description of that witness' proposed testimony. |
|---|---|
| August 23, 2016 | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| August 2, 2016 | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| 45 days after receipt of infringement contentions or 30 days following Plaintiff's response brief to Emerson's 101 motions, whichever is later.[2] | Comply with P.R. 3-3 and 3-4 - Invalidity Contentions due.  Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall assert any counterclaims.  After this deadline, leave of Court must be obtained to assert any counterclaims. |
| *[Kollmorgen's Proposal:*<br>***TRACK B PARTIES ONLY***<br>*June 20, 2016* | ***TRACK B PARTIES ONLY***<br>*Each party claiming patent infringement shall file a good faith estimate of its expected damages, including a summary description of the method used to arrive at that estimate.  This description shall include but is not limited to any royalty rate, royalty base, and identification of which products and/or components of products constitute an infringing unit for royalty base calculations.]*[3,4] |

[2] The parties have agreed that Plaintiff shall have thirty (30) days, in addition to the conventional deadline, to respond to the following Emerson Defendants' motions: Dkt. Nos. 47-54 (Lead Case), Dkt. Nos. 36-37 in Case No. 2:15-CV-01266 RWS, any and all joinders of such motions by other defendants, and Dkt. No. 31 (Lead Case), by agreement with the Yaskawa Defendants. For clarification, Plaintiff's deadline to respond to the Emerson Defendants' Motions to Dismiss (including the 101 motions and the FRCP 12(b) motions) the Emerson Defendants' Motion to Transfer Venue, all of the Defendants' joinders to the foregoing motions (including, but not limited to, the various motions for judgment on the pleadings), and the Yaskawa/Vipa motion to dismiss on section 101 grounds, have been extended for thirty days from the initial deadline to respond to the Emerson Defendants' motions.
[3] Plaintiff opposes separate tracks for this case. To the extent that the Court orders Track B for any defendants, Plaintiff respectfully submits that the Court's Default Track B Order, in all respects, should govern.
[4] AMS opposed Kollmorgen's motion for Track B assignment, in which Kollmorgen requested that the Court's model Track B order be instituted in Kollmorgen's case. (C.A. No. 2:15-cv-01539, D.I. 13 at 4, Ex. B (noting "In every respect except for the caption, Exhibit B is identical to the Track B order attached to General Order 14-3.)".)  .

| | |
|---|---|
| June 8, 2016 | All parties shall serve Initial and Additional Disclosures in compliance with paragraphs 1 and 3 of the Discovery Order. |
| *[Kollmorgen's Proposal:* **TRACK B PARTIES ONLY** *June 6, 2016* | **_TRACK B PARTIES ONLY_** *All parties shall serve Initial Disclosures per Fed. R. Civ. P. 26(a)(1).*<br><br>*Parties claiming patent infringement shall also produce all licenses or settlement agreements concerning the patents-in-suit and any related patent.*<br><br>*Each party opposing a claim of patent infringement shall also produce summary sales information reflecting the quantity of accused products sold in the United States and the revenues from those sales.*<br><br>*For purposes of this disclosure, accused products include all products identified in the infringement contentions and all reasonably similar products (i.e., other products that a party should reasonably expect to be accused of infringement of the asserted claims after a full opportunity for discovery.]* |
| May 25, 2016 | Defendant shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| May 23, 2016 | **File Notice of Mediator**<br><br>Parties are encouraged, but not required, to mediate cases.  The parties need not include a deadline for mediation unless they have agreed to do so.  The parties may jointly file a notice that identifies an agreed upon mediator (with a proposed order appointing the mediator) or indicates that no agreement was reached.  If the parties do not reach an agreement, the Court will appoint a mediator if requested.   The parties shall confirm the mediator's availability. |
| May 21, 2016 | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Infringement Contentions due as to Emerson Entities Defendants.  Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
| May 13, 2016 | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Infringement Contentions due as to Bosch Defendants.  Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |

(-1539, D.I. 20, 28.)  Kollmorgen attempted to compromise by keeping all of the dates the same as the Track A dates except for the damages-related disclosures mandated by Track B.  In objecting to those two Track B dates, the Plaintiff states that if the Court orders Track B, "the Court's Default Track B Order, in all respects, should govern." See *supra* n. 3.  But that is the same model Track B order Kollmorgen requested in its motion and that AMS rejected.  At the very least, Kollmorgen requests that the damages-related dates from Track B be ordered, as reflected above.

| May 11, 2016 | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Infringement Contentions due as to all Defendants except Emerson Entities Defendants and Bosch Defendants. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b). |
|---|---|
| | Plaintiff shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties. |
| | Plaintiff shall add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| *[Plaintiff's Proposal:* **5 trial days***]*<br><br>*[Defendants' Proposal:* **7-10 trial days per trial***]* | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."

### Other Limitations

(a)     The following excuses will not warrant a continuance or justify a failure to comply with the discovery deadline:

(i)     The fact that there are motions for summary judgment or motions to dismiss pending;

(ii)     The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(iii)     The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

(b)     <u>Amendments to the Docket Control Order ("DCO")</u>:  Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO.  The motion shall include a chart in the format of the DCO that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain

blank or indicate that it is unchanged).  The motion to amend the DCO shall also include a proposed DCO in traditional two-column format that incorporates the requested changes and that <u>also lists all remaining dates</u>.  In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines rather than needing to also refer to an earlier version of the DCO.

(c)  <u>Indefiniteness</u>:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

(d)  <u>Motions *in Limine*</u>: Each side is limited to one (1) motion *in limine* addressing no more than ten (10) disputed issues.  In addition, the parties may file a joint motion *in limine* addressing any agreed issues.  The Court views motions *in limine* as appropriate for those things that will create a proverbial "skunk in the jury box," e.g., that, if mentioned in front of the jury before an evidentiary ruling can be made, would be so prejudicial that the Court could not alleviate the prejudice with an appropriate instruction.  Rulings on motions *in limine* do not exclude evidence, but prohibit the party from offering the disputed testimony prior to obtaining an evidentiary ruling during trial.

(e)  <u>Exhibits</u>: Each side is limited to designating 250 exhibits for trial absent a showing of good cause.  The parties shall use the exhibit list sample form on Judge Schroeder's website.

(f)  <u>Deposition Designations</u>: Each side is limited to designating no more than ten (10) hours of deposition testimony for use at trial absent a showing of good cause.  As trial approaches, if either side needs to designate more than ten (10) hours, the party may file a motion for leave and show good cause.  All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(g)  <u>Witness Lists</u>: The parties shall use the sample form on Judge Schroeder's website.

**ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**

A.  On the first day of trial, each party is required to have:

(1)  One copy of their respective original exhibits on hand.  Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number.

(2)  Three hard copies of each party's exhibit list and witness list on hand.

(3)  One copy of all exhibits on USB Flash Drive(s) or portable hard drive(s).  This shall be tendered to the Courtroom Deputy at the beginning of trial.

B.  The parties shall follow the process below to admit exhibits.

(1) *On the first day of trial*, each party shall tender an "offered" list of exhibits it plans to admit into evidence that day which are NOT objected to, and read that list into the record.  Parties shall entitle the list "[Plaintiff's/Defendant's] Exhibits <u>Offered</u> on

[DATE]." If, during the course of the day's testimony, a party wishes to offer an objected exhibit into evidence, the party may move for admission at the time it wishes to use that exhibit with a witness. The Court will then hear the opposing party's objection and will rule on the objection at that time.

(2) *On each subsequent day of trial*, parties shall first read into the record any exhibits that were admitted over objection from the previous day. The parties shall next tender an "offered" list of any additional exhibits NOT objected to that it plans to admit that day, and read that list into the record. The list shall be entitled "[Plaintiff's/Defendant's] Exhibits Offered on [DATE]." Finally, the parties shall tender a separate running list of all previously admitted exhibits throughout the course of trial entitled "[Plaintiff's/Defendant's] Exhibits Previously Admitted through [DATE of the most recently completed trial day]."

(3) *At the conclusion of evidence*, each party shall read any exhibit that was admitted over objection that day into the record and then tender its final list of every admitted exhibit, entitled "[Plaintiff's/Defendant's] Final List of All Admitted Exhibits."

C.  At the conclusion of evidence, each party shall be responsible for pulling those exhibits admitted at trial, whether used or not, and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations. One representative from each side shall meet with the Courtroom Deputy to verify the exhibit list.

D.  At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E.  Within five business days of the conclusion of trial, each party shall submit to the Courtroom Deputy:

(1)  A Final Exhibit List of Exhibits Admitted During Trial in Word format.

(2)  CD(s) containing admitted unsealed trial exhibits in PDF format. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be submitted on a separate CD. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph in PDF format.

(3)  A disk containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.